**CLD-326**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4690
_____

GARY SMITH,
                                        Appellant

v.

JUDGE JOHN F. WAGNER, JR.;
JOSEPH M. GEORGE, JR., Esq., Assistant District Attorney;
DAVID W. KAISER, Esq., Assistant Public Defender
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00780)
District Judge:  Honorable David S. Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2014

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2014 )
_____

OPINION
_____

PER CURIAM

Gary Smith, a Pennsylvania state prisoner, appeals from the District Court's dismissal of his civil rights complaint. For the following reasons, we will summarily affirm the judgment of the District Court.

In 2000, Smith was convicted in the Fayette County Court of Common Pleas of aggravated assault and related charges. He eventually received a sentence of eight and one-half to twenty years of imprisonment. In June 2013, Smith filed a complaint in the District Court pursuant to 42 U.S.C. § 1983 against the judge who presided over his criminal case, the attorney who prosecuted his case, and the criminal defense attorney who represented him, alleging various civil rights violations in relation to the criminal proceedings. Specifically, Smith alleged that his sentence was illegally obtained; that he was denied an evidentiary hearing, appointment of counsel, and access to the courts; and that defense counsel was ineffective because he failed to investigate and subpoena alibi witnesses. Smith requested monetary damages from each of the defendants and an injunction ordering the trial court judge to rule on his state petition for post-conviction relief. Smith also appeared to seek a declaration from the trial court judge, on behalf of the trial court, that his constitutional rights had been violated.

On the recommendation of the Magistrate Judge who screened the complaint, the District Court dismissed Smith's complaint with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). In doing so, the District Court determined that Smith's claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (plaintiffs seeking relief under section 1983 for harm caused by actions that, if determined to be

2

unlawful, would render a conviction or sentence invalid, is not cognizable under section 1983). Alternatively, the District Court determined that Smith's claims failed because the judge and prosecutor were immune from liability, and because Smith's defense attorney was not proper defendant in a § 1983 action. Thereafter, Smith filed a motion for reconsideration, which the District Court denied. This appeal followed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm if Smith's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. Our review of the District Court's sua sponte dismissal of Smith's complaint for failure to state a claim is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We may affirm on any ground supported by the record. Id.

The District Court correctly determined that Judge John F. Wagner and District Attorney Joseph George are immune from suit for their roles as judge and prosecutor respectively. Judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Further, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 357 (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)).[1] Similarly, a prosecutor is immune from damages

---

[1] As mentioned, Smith also sought injunctive relief. However, as the District Court correctly determined, this claim is barred because section 1983 provides that injunctive relief shall not be granted, with certain exceptions not relevant here, in an action brought against a judge who has acted in his judicial capacity. See Azubuko v. Royal, 443 F.3d

3

in a § 1983 action for his initiation of a prosecution and presentation of a state's case. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). We agree with the District Court that Smith did not allege any actions by Judge Wagner outside of his role as presiding judge. Smith's claims against District Attorney George revolved around his role in prosecuting Smith on behalf of the Commonwealth of Pennsylvania.[2]

The District Court also correctly dismissed the complaint as to David Kaiser, the public defender who represented Smith. Indeed, Kaiser is not a state actor for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").[3] We also conclude that the District Court did not abuse its discretion in denying Smith leave to amend his complaint on the basis of futility. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997). Nor did it err in denying Smith's motion for reconsideration, as the

302, 303-04 (3d Cir. 2006). The District Court also correctly determined that Smith failed to plead a legally cognizable claim for declaratory relief because the relief he seeks would amount to no more than an advisory opinion regarding the "wrongfulness" of past conduct. See, e.g., Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997).

[2] To the extent that Smith sought to sue District Attorney George for malicious prosecution, we agree with the District Court that Smith did not assert a plausible claim that George acted outside the scope of his duties in bringing the charges against Smith. Moreover, because Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution in any event. See McKenna v. City of Phila., 582 F.3d 447, 461 (3d Cir. 2009).

[3] Because we affirm the District Court's dismissal of Smith's claims on these bases, we need not decide whether any of his claims are also barred by Heck.

motion did not identify any of the grounds required for reconsideration.  Lazaridis v.

Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

      For the foregoing reasons, no substantial question is presented by this appeal.

Accordingly, we will summarily affirm the judgment of the District Court.  Smith's

motion for appointment of counsel is denied.